WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Kendrick,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV 11-296-TUC-HCE<br><br>**ORDER** |

Pending before the Court is Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act (Doc. 22). Defendant has filed a Response (Doc. 23) in opposition to Plaintiff's Petition (Doc. 23). The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. *See* 28 U.S.C. §636(c). The Court takes judicial notice that Michael J. Astrue is no longer Commissioner of the Social Security Administration (hereinafter "SSA"). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes the Acting Commissioner of the SSA, Carolyn W. Colvin, as the named Defendant in this action. For the following reasons, the Court grants Plaintiff's Petition.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Upon consideration of Plaintiff's action, filed pursuant to 42 U.S.C. §405(g), requesting judicial review of the final decision of the Commissioner denying her claim for

disability insurance benefits, this Court remanded the matter for further administrative proceedings. (*See* Doc. 20). Plaintiff now petitions the Court for $4,063.28 in attorney's fees and $350 in costs incurred in the form of the filing fee for Plaintiff's Complaint.

## II.     STANDARD

Under the Equal Access to Justice Act (hereinafter "EAJA"), a prevailing party in any civil action brought against the United States shall be reimbursed for fees and other expenses incurred by that party in the action unless the position of the United States was substantially justified or special circumstances make the award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A); *see also* 28 U.S.C. §§ 1920, 2412(a) (relating to costs). "The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala,* 49 F.3d 562, 567 (9th Cir. 1995). To award attorney's fees and costs under the EAJA, the Court must determine that: (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable. *Perez-Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002). It is undisputed that Plaintiff is the prevailing party, and Defendant has not argued that any special circumstances make an award unjust or that the requested fees and costs are unreasonable. Instead, Defendant contends that her position in defending the ALJ's decision denying benefits was substantially justified. Defendant also points out that Plaintiff's request for $350 for filing costs would be payable from the Judgment Fund, not agency funds. (Response, p. 1); *see also Lopez v. Astrue,* 2011 WL 1211562, at *1 (D.Ariz. Mar. 30, 2011) ("[C]osts, unlike expenses, are administered by the Department of Justice.").

The Commissioner bears the burden of proving that her position was substantially justified at each stage of the proceeding. *Corbin v. Apfel,* 149 F.3d 1051, 1052 (9th Cir. 1998). Substantial justification for purposes of the EAJA means that the Commissioner's position had "a reasonable basis in law and fact." *Id.* (citations omitted). The Commissioner's positions must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). *See also Lewis v. Barnhart,* 281

- 2 -

1 F.3d 1081, 1183 (9th Cir. 2005) ("The Commissioner is 'substantially justified' if his position
2 met the traditional reasonableness standard–that is justified in substance or in the main, or
3 to a degree that could satisfy a reasonable person." (internal quotation marks and citations
4 omitted)). The Commissioner's position can be substantially justified even if it is not correct.
5 *Pierce,* 487 U.S. at 566. The appropriate scope of inquiry in deciding substantial justification
6 is restricted to the issue or issues which led to remand. *See Lewis,* 281 F.3d at 1085. Further,
7 in deciding whether the Commissioner was substantially justified in her position, the Court
8 must examine both the underlying agency conduct as well as the Commissioner's defense of
9 that conduct. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988).

## III. DISCUSSION

In her Opening Brief, Plaintiff argued that the ALJ improperly rejected the opinion of her treating physician, Dr. Gecosala. The Court agreed and remanded the matter for further proceedings. Defendant's position was that the ALJ reasonably considered Dr. Gecosala's opinion and, therefore, the ALJ's RFC finding was supported by substantial evidence. Acknowledging that the ALJ was required to set forth specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Gecosala's opinion, Defendant accepted and relied upon the ALJ's characterization of the evidence that Dr. Gecosala treated Plaintiff only for a limited time, Dr. Gecosala's examinations of Plaintiff were not as thorough as other physicians' examinations with regard to Plaintiff's physical capacity, and Dr. Gecosala's opinion was contradicted by the examining state agency physician, Dr. Petronella. In Plaintiff's case, the cited reasons for rejecting Dr. Gecosala's opinion were not supported with specificity, nor could it reasonably be argued that they were supported by substantial evidence in the record. Further, Defendant's position that Dr. Petronella's opinion was based on independent clinical findings constituting substantial evidence sufficient to support rejection of Dr. Gecosala's opinion was foreclosed given that there was no appreciable difference between their diagnoses, nor did Defendant cite any reasonable basis for determining otherwise. *See Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007) (where the diagnoses of the treating doctor and examining doctor are the same but their

conclusions about the plaintiff's functional limitations differ, the examining doctor's conclusion based on his examination is not considered to be an "independent finding" and his "opinion does not alone constitute substantial evidence to support rejection of...[the plaintiff's] treating physicians' opinions."). On the instant record, Defendant's position did not have a reasonable basis in law and fact and, thus, Defendant was not substantially justified in defending the ALJ's rejection of Dr. Gecosala's opinion.

## IV.   CONCLUSION

In the context of the instant record, the Commissioner's position on the issues on which remand were based were not substantially justified. Consequently, Plaintiff is entitled to the requested costs and attorney's fees.

Accordingly,

IT IS ORDERED that Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act (Doc. 22) is GRANTED in the amount of $4,063.28 in attorney's fees.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. §2412(a)(1), Plaintiff is awarded $350 in costs, to be paid out of the Judgment Fund, as administered by the Department of Justice.

The Clerk of Court is DIRECTED to amend the judgment accordingly.

The Clerk of Court is FURTHER DIRECTED to amend the docket to reflect that Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has been substituted as the named Defendant in this action pursuant to Fed.R.Civ.P. 25(d).

DATED this 13th day of May, 2013.

_____
Héctor C. Estrada
United States Magistrate Judge